## MUNSON v. CURTIS.

*(Supreme Court, General Term, Fifth Department. June, 1888.)*

1. TRIAL—INSTRUCTIONS—RIGHT OF COURT TO GIVE RULE OF COSTS.
   On appeal from a justice's court by defendant in an action on contract, the jury, after having retired for consideration, requested instruction in respect to costs. The court instructed them that if plaintiff's recovery was reduced at least $10, defendant would be entitled to costs; otherwise plaintiff would have costs in addition to the verdict. The verdict reduced plaintiff's recovery a few cents more than $10. *Held,* that it was reversible error to charge upon the subject of costs in such case.

2. COSTS—APPEAL FROM JUSTICE—REDUCING PLAINTIFF'S JUDGMENT.
   Where a new trial, on appeal from justice's court taken in 1882, was had in 1886, the right to costs was determined by the amendment to Code Civil Proc. N. Y. § 3070, by Laws 1885, c. 522, by which, if neither party, within 15 days after service of notice of appeal, serves an offer to allow judgment, the party recovering judgment in the county court is entitled to costs. And though respondent's judgment was reduced more than $10, yet, no such notice having been served, he was entitled to costs. Following 43 Hun, 214.

Appeal from Ontario county court.

Thaddeus Munson sued Melvin Curtis in justice's court, and obtained judgment in 1882. On appeal by Curtis to the county court a trial was had in 1886, and judgment rendered for Munson, from which, and from an order denying a new trial, Curtis appeals. By the amendment to Code Civil Proc. N. Y. § 3070, by Laws 1885, c. 522, if neither party, within 15 days after service of notice of appeal, serves an offer to allow judgment, etc., the party recovering in the county court is entitled to costs.

*Spencer Gooding,* for appellant. *L. C. Hall,* for respondent.

DWIGHT, J. The action was for compensation, at an agreed price per pound, for drying and curing a quantity of hops. The defendant set up a counter-claim for injury to his hops by the negligence and unskillfulness of the plaintiff in doing the work. In the justice's court the plaintiff recovered $55.34 damages. The defendant appealed, and had a new trial in the county court. On that trial, after the jury had retired for consideration, they re-

turned into court and asked to be instructed in respect to the costs of the action. The court thereupon, under the objection of the defendant, instructed the jury that if, by their verdict, the plaintiff's recovery in the justice's court was reduced at least $10, then the defendant would be entitled to costs; otherwise the plaintiff would have costs in addition to the amount of the verdict; and the jury found for the plaintiff $44.91. The defendant excepted to the instruction as given, and now assigns as grounds of the appeal to this court the error of the county judge—*First*, in giving any instructions to the jury on the subject of costs; *second*, in giving the particular instructions excepted to.

It was error to instruct the jury at all, in this case, on the question of costs. *Lattimer* v. *Hill*, 8 Hun, 171. In actions in which punitive damages may be given such instruction is proper, since the measure of such damages is in the discretion of the jury, and costs are themselves punitive. *Waffle* v. *Dillenback*, 38 N. Y. 53. But in actions on contract the amount of the recovery is to be determined on fixed principles applicable to the evidence in the case, and wholly independent of the question of costs. The jury have no discretion in fixing the amount, and they violate their duty if they suffer their judgment to be influenced by extraneous considerations. Moreover, the instruction given was erroneous. This court has already held in this case, reviewing the allowance and taxation of costs herein, that the amendment of section 3070 of the Code of Civil Procedure, by the act of 1885, c. 522, was applicable to the case; and, accordingly, that the plaintiff was entitled to costs if he recovered any verdict against the defendant. 43 Hun, 214. That the verdict was influenced by the instructions given cannot be doubted. It reduced the recovery in the justice's court a few cents more than $10, necessary under the rule as stated, to give costs to the defendant. This result, in view of the instructions given and, especially of the fact that the jury asked for the instruction, showing that they had had the question of costs under consideration, cannot be regarded as a mere coincidence. The amount of the verdict was evidently governed by the intention of the jury to give costs to the defendant.

And so, as we have reason to believe, the real questions of fact in the case have been ignored, the rules of law correctly laid down by the court have been disregarded, and the jury have devised a verdict which, by its effect on the award of costs, and by offsetting the defendant's costs to the plaintiff's recovery, will, as they think, balance up the "equities" between the parties. In such case we need not stop to inquire whether the verdict is more or less favorable to the party appealing than it would have been had the erroneous instructions not been given. Such inquiry would be mainly speculative. It is enough if a verdict has been rendered on false grounds, and in disregard of the evidence and the law applicable thereto. The judgment should be reversed, and a new trial granted, costs to abide event.

All concur.